## CITIZENS BANKING CO v THOMPSON et

Ohio Appeals, 6th Dist, Wood Co

No 542.  Decided June 26, 1933

Bowman & James, Bowling Green, for plaintiff in error.

Edward M. Fries, Bowling Green, for defendants in error.

## OPINION

By LLOYD, J.

That the Thompsons were liable as makers on the note for the full principal amount thereof with interest thereon, is not open to argument and that unless they were discharged therefrom by the release of the undivided one-half of the land conveyed by them to Singer, they still are liable for the amount remaining unpaid thereon. We have called attention to the express warranty in this deed of conveyance whereby the Thompsons covenanted to warrant and defend the title to the undivided half of the land conveyed to Singer against all lawful claims except the mortgages therein mentioned and taxes and assessments, and whereby they expressly agree that Singer shall assume and agree to pay one-half of the principal of the note representing the lien of the mortgage on the undivided half of the land conveyed to him, and the only way in which he could be protected under this warranty upon the maturity of the mortgage indebtedness was, upon payment by him of his obligated pro rata amount thereof, to have the mortgage released as to his undivided one-half of the land purchased from the Thompsons. So it would seem that the Thompsons, by their warranty, at least impliedly agreed to and authorized the very release because of which they now seek to excuse themselves from further liability on the note as makers thereof.

The assumption by Singer of the payment of $12,500.00 was in effect a part, if not the entire, consideration for the deed by which he acquired title to the Thompson's undivided one-half of the land and as between himself and the Thompsons he was bound, at the maturity of the mortgage indebtedness, to pay thereon the amount which, by the acceptance of the deed, he agreed to pay. The liability of the Thompsons on the note and mortgage was thereby reduced by this payment and they are now estopped from claiming a discharge from liability on the note because of the release of the mortgage as to the undivided one-half of the land conveyed by them to Singer, which the warranty required and contemplated.

They can not avoid payment of the balance of their voluntarily created indebtedness, and should not be absolved therefrom simply because Singer, complying with his

express obligation so to do, paid at its maturity one-half of the mortgage indebtedness and by so doing completed the payment of the purchase price and secured a release of his undivided one-half of the land from the lien of the mortgage, nor would the Thompsons be discharged therefrom by The Citizens Banking Company receiving this payment from Singer and releasing his portion of the land from the lien of the mortgage, without their knowledge or express consent. This was the intended purpose of the payment and to this Singer was entitled.

The judgment of the Court of Common Pleas is therefore reversed and the cause remanded for further proceedings according to law.

Reversed and remanded.

RICHARDS and WILLIAMS, JJ, concur.